(173 App. Div. 217)

### JEFFERY v. SELWYN.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. CORPORATIONS ⊚⟝90(1)—SUBSCRIPTIONS FOR STOCK—ESTOPPEL.
    In an action by the trustee of a bankrupt corporation against an alleged subscriber for its stock, where it appeared that the subscriber paid $200 for two shares of his subscription for 102 shares, accepted dividend on the 102 shares, and subsequently sold the stock, he was estopped to claim that, because he did not pay 10 per cent. on the whole subscription, it was void, and he did not become a stockholder.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 383, 385–388; Dec. Dig. ⊚⟝90(1).]

2. JUDGMENT ⊚⟝473—ORDER OF UNITED STATES COURT—COLLATERAL ATTACK.
    Where the United States District Court authorized the trustee of a bankrupt corporation to issue a call or demand upon a subscriber for the amount due from him on subscription for stock, and authorized the trustee to bring action, the subscriber cannot attack that order collaterally, by an allegation that it does not affirmatively appear that the money is necessary to pay creditors.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 908; Dec. Dig. ⊚⟝473.]

Appeal from Special Term, New York County.

Action by William P. Jeffery, as trustee in bankruptcy of the All Star Feature Corporation, against Archibald Selwyn. From an order granting plaintiff's motion for judgment on the pleadings, defendant appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and PAGE, JJ.

Melville H. Cane, of New York City, for appellant.
John L. Lockwood, of New York City, for respondent.

PAGE, J. [1] The defendant subscribed for 102 shares of the stock of the All Star Feature Corporation, paying $200, which the plaintiff alleges was paid to and accepted by the company as payment for 2 shares of stock. Thereafter the defendant received dividends on the 102 shares, and after holding this stock for 17 months sold the same for a substantial price, thereby asserting ownership and receiving the profits. The action is by a trustee in bankruptcy to recover the

⊚⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

$10,000 for the stock. Defendant demurs for insufficiency, relying, first, on the fact that, 10 per cent. not having been paid on the subscription, the subscription was void, and he did not become a stockholder. In my opinion he is estopped from asserting this claim, having accepted dividends on and sold the stock.

[2] The defendant relies, secondly, on the fact that it does not affirmatively appear that the money is necessary to pay the creditors. The United States District Court has made an order authorizing the plaintiff to issue a call or demand upon defendant for the amount due from him and authorizing the plaintiff to bring this action. The said court had jurisdiction of the subject-matter and the necessity of the call and the amount thereof was for it to determine. If the order was improvidently made, recourse must be had to that court; it cannot be collaterally attacked in this action.

Order affirmed, with $10 costs and disbursements. All concur.